IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 522, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N2311000773 |
| | § | |
| Appellee. | § | |

Submitted: September 10, 2025
Decided: October 24, 2025

Before **VALIHURA, TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Steven Anderson pleaded no contest to first-degree unlawful sexual contact. The charges stemmed from an incident involving a nine-year-old child, B.M., who was visiting her relative's farm in Townsend, Delaware when she encountered Anderson, who was a farm employee. Anderson told B.M. that she was "a pretty girl" and asked her for a hug. Anderson hugged B.M. and then placed his hand on her right buttock, which made her uncomfortable.

(2) During the hearing at which Anderson entered his plea, the Superior Court reviewed the plea paperwork with the parties and conducted a colloquy with

Anderson. In connection with the plea, the State agreed to cap its sentencing recommendation at five years of unsuspended prison time. The maximum penalty for the offense was eight years at Level V.[1] The parties also requested a presentence investigation. Anderson admitted during the plea colloquy that the plea paperwork accurately reflected his understanding of the plea, and his counsel also acknowledged that Anderson had a prior conviction.

(3) At the November 22, 2024 sentencing, the State recommended that the court impose a five-year prison sentence. The State argued that Anderson showed "uniquely poor judgment and lack of boundaries" and that he had been drinking when he committed the offense. The State also pointed out that the victim was a young child and that Anderson had a prior conviction for third-degree rape. As further support for its five-year sentencing recommendation, the State cited the need for "correctional treatment," Anderson's "self-admitted substance abuse," and his "other mental health issues [that] could be addressed in confinement."[2]

(4) B.M.'s mother then read a victim-impact statement written by B.M. In her statement, B.M. recalled that Anderson asked her for a hug, she felt pressured to do so, and she "froze in fear when he grabbed [her] privates."[3] B.M. was "terrified

---

[1] 11 *Del. C.* § 769(b) (classifying unlawful sexual contact in the first degree as a class D felony); 11 *Del. C.* § 4205(b)(4) (fixing an 0–8 year sentence for class D felonies).

[2] App. to Appellant's Opening Br. at A9 [hereinafter "A__"].

[3] A11.

and wanted to get away from him," and he said: "[W]hat, you don't like me touching you?"[4] B.M. described experiencing discomfort, fear, nervousness, nausea, and shame after the incident; she lost interest in things, did not want to leave her room, had trouble focusing in school, and entered counseling. She also "felt disgusted when he told people that [she] was lying," and she was worried about other children who would visit the farm.[5] B.M. expressed the belief that she would feel safer if Anderson received the maximum possible sentence.

(5) Defense counsel explained that Anderson's last offense was committed twenty years earlier and that he lived on the farm for ten years without incurring any new criminal charges. Anderson's counsel conceded that he had a substance use disorder and admitted that he had violated some of the terms of probation in the past. But defense counsel disagreed with the State's reliance on the repetitive criminal conduct aggravating factor, reiterating that "[h]is last offense is 20 years old."[6]

(6) The Superior Court sentenced Anderson as follows:

> In *State of Delaware v. Steven Anderson*, Case Number 2311000773, unlawful sexual conduct first degree, considering the following aggravating factors, it is still repetitive criminal conduct with the prior offense in 2003; the need for correctional treatment; and, most significantly, the offense against a young child.

---

[4] *Id.*

[5] A11–12.

[6] *E.g.*, A20.

There was some alcohol allegedly involved, and I understand that there is some mental health issues as well, but I think the aggravating factors here outweigh the mitigating factors in my judgment.

For those reasons, I am going to sentence you to eight years at Level V, suspended after five years for two years at Level III. No contact with [B.M] or unsupervised minors. Undergo substance-abuse evaluation, mental-health evaluation, follow treatment, and complete the sex-offender counseling program.[7]

(7) The Superior Court's five-year unsuspended Level V sentence exceeded the SENTAC presumptive sentence of eighteen months at Level V but did not exceed the statutory maximum of eight years. Anderson filed a timely appeal.

(8) On appeal, Anderson argues that the trial court erred by relying on the repetitive criminal conduct aggravating factor because SENTAC defines "repetitive" criminal history as a "conviction or adjudication for the same or similar offense on two or more occasions," and Anderson had only one prior conviction.[8] The State concedes in its answering brief that the Superior Court "misapplied the SENTAC factor regarding repetitive criminal conduct."[9] The State, however, urges us to hold that the error was harmless because the sentencing court also cited other aggravating factors that justified exceeding the presumptive sentence.

---

[7] A21.

[8] *See* SENTAC Benchbook (2024) at 31, 32 (accessed https://cjc.delaware. gov/wp-content/uploads/sites/61/2024/06/BenchBook.Final_2024.pdf) ("Repetitive criminal history, as an aggravating factor, is defined as conviction or adjudication for the same or similar offense on two or more previous occasions . . . .").

[9] Answering Br. at 14.

(9)     Anderson's appeal relates solely to his sentence, but our review of sentences that do not exceed statutory limits is "extremely limited."[10]  We review a criminal sentence for abuse of discretion.[11]  A sentencing court abuses its discretion when the sentence "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[12]  As this Court has explained, "[a] sentencing judge has broad discretion to consider information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which the defendant was convicted."[13]  "The Superior Court's failure to follow the nonbinding SENTAC guidelines, or to state its reasons for not following the guidelines, is simply no basis for appeal, as this Court has repeatedly held."[14]

(10)     The parties agree that the Superior Court imposed a sentence that exceeded the presumptive sentence but fell within the statutory limits.[15]  The

---

[10] *Cooling v. State*, 308 A.3d 1193, 2023 WL 8278529, at *2 (Del. 2023) (TABLE) (citing *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992)).

[11] *Id.*

[12] *Id.* (quoting *Weston v. State*, 832 A.2d 742, 746 (Del. 2003)).

[13] *Wallace v. State*, 326 A.3d 708, 2024 WL 3874151, at *5 (Del. Aug. 20, 2024) (TABLE) (cleaned up) (citation omitted).

[14] *Id.* (quoting *Wilson v. State*, 692 A.2d 416, 1997 WL 90772, at *1 (Del. Feb. 21, 1997) (TABLE)).

[15] The parties' contentions on appeal assume that this Court has jurisdiction to review this type of an error.  *Cf. Siple v. State*, 701 A.2d 79, 83 (Del. 1997) ("Following the promulgation of the SENTAC guidelines, this Court has consistently held that it is without appellate jurisdiction in

Superior Court's near-complete discretion as to whether to follow the SENTAC guidelines is subject only to the requirement that the trial court set forth with particularity its reasons for doing so. The trial court articulated its reasons in this case.[16]

(11) Notwithstanding our limited review, Anderson raises two issues concerning the Superior Court's misapplication of SENTAC's "repetitive" crime aggravating factor. First, he briefly cites "fairness" and due process concerns based on our decisions in *Mayes v. State*[17] and *Hamilton v. State*,[18] as well as the Second Circuit's decision in *United States v. Robin,*[19] all of which consider whether a sentencing court violates due process when it relies on bare allegations of crimes or misinformation during sentencing. In this case, however, the trial court relied on the (undisputed) fact of Anderson's prior conviction and not mere allegations of an

---

criminal cases to review challenges on the sole basis that a punishment deviated from the SENTAC sentencing guidelines.").

[16] *See Wallace*, 2024 WL 3874151, at *4. 11 *Del. C.* § 4204(n) imposes "a statutory duty upon a sentencing judge to state on the record the reasons for any sentence that falls outside the SENTAC presumptive sentence." Likewise, Administrative Directive No. 76 requires the sentencing court to "set forth with particularity the reasons for the deviation" from the guidelines in order to allow appellate review by this Court. Administrative Order 76, Supreme Court of Delaware (Sept. 1987).

[17] 604 A.2d 839, 843 (Del. 1992) ("a sentencing court abuses its discretion if it sentences on the basis of inaccurate or unreliable information.").

[18] 534 A.2d 657, 1987 WL 4687 (Del. Nov. 2, 1987) (TABLE) ("if a sentence is based on inaccurate or unreliable information, the Superior Court has abused its discretion in sentencing.").

[19] 545 F.2nd 775, 779 (2d Cir. 1976) ("Misinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process.") (quoting *United States v. Malcolm*, 432 F.2d 809, 816 (2d Cir. 1970)).

6

unproven crime.[20]  Anderson has not identified any due-process reason that a sentencing court cannot rely on a prior conviction in its sentencing decision.[21]  In fact, Anderson's prior conviction fell within SENTAC's "Prior Violent Criminal Conduct" aggravating factor.[22]

(12)  The remaining issue on appeal is narrow: is the trial court's misapplication of one aggravating factor a basis to reverse a sentence that exceeds the SENTAC presumptive sentence?[23]  We recently held in two similar cases that a sentencing judge's misapplication of one SENTAC aggravating factor was harmless error when the sentencing judge relied on several other aggravating factors to justify an enhanced sentence.[24]

---

[20] *See* A8.

[21] *See Custis v. United States*, 511 U.S. 485, 487 (1994) (holding that a defendant may not collaterally attack the validity of prior convictions during sentencing, except on the basis of a violation of the right to counsel).

[22] Under SENTAC policy four, A and B felonies are excluded from the policy that disregards prior convictions for the purposes of sentencing after a conviction-free period of ten years after final release from incarceration.  *See* SENTAC Benchbook (2024) at 31 ("For the purposes of sentencing, a conviction-free period of ten (10) years after final release from incarceration, or from date of sentence if only probation at levels I thru IV was ordered, shall be sufficient to 'wash' the criminal history prior to that date. Felony A and Felony B crimes are excluded from this policy and should always be considered at time of sentencing.").  Anderson's prior conviction was a B felony. *See* 11 *Del. C.* § 771.

[23] Reply Br. at 1–2 ("[T]he instant matter rests squarely on whether Anderson's sentence was a product from a misapplication of an aggravating factor." "Contrary to the State's contention, the error was not harmless because the remaining aggravating factors did not justify the sentence imposed.").

[24] *Haas v. State*, 326 A.3d 651, 2024 WL 3634223, at *6 (Del. 2024) (TABLE); *Cooling*, 2023 WL 8278529, at *4.

(13) We reach the same conclusion in this appeal. B.M. was nine years old at the time of the offense. Her mother read a statement at sentencing that described how Anderson's crime affected his victim. The Superior Court identified the victim's age as the "most significant" factor in sentencing, and Anderson does not argue that that factor was misapplied. Accordingly, the Superior Court's misapplication of the SENTAC "repetitive" crime aggravating factor was harmless error under *Cooling* and *Haas* because the court relied on and identified other aggravating factors, including the victim's age and Anderson's need for correctional treatment. Moreover, the General Assembly has thus far chosen not to empower the SENTAC guidelines in a manner that would warrant reversal solely when the Superior Court deviates from a SENTAC definition.[25] We therefore affirm Anderson's sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[25] The governing statute and our guidance require only that the Superior Court state its "reasons" for why it chose to exceed the presumptive sentence; they do not compel exact adoption of the SENTAC aggravating factors or definitions. *See Siple*, 701 A.2d at 83.

8